# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SUSAN LEO, ROBERT BIEGEL,
THERESA JONES, LUIS MORALES,
BONNIE CHRISTIE, ANDREW GAMMILL,
PAUL NAUGLE, RONALD SEEKFORD, and
SHEILA SEEKFORD, on behalf of
themselves and others similarly situated,

    Plaintiffs,

v.                                          CASE NO: 8:16-cv-3190-T-30TGW

SARASOTA COUNTY SCHOOL BOARD,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights (Dkt. 7) and Defendant's Response in Opposition (Dkt. 16). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

On November 14, 2016, Plaintiffs,[1] who are current and/or former bus drivers employed by Defendant, Sarasota County School Board, filed this collective action under the

---

[1] There appears to be a dispute in the record regarding whether Plaintiff Paul Naugle authorized Plaintiffs' counsel to include him as a named Plaintiff in this action. Plaintiffs' counsel shall immediately file the appropriate notice requesting Naugle's dismissal if counsel confirms with Naugle directly that Naugle does not wish to remain a Plaintiff in this action.

Fair Labor Standards Act ("FLSA") alleging, in relevant part, that the School Board failed to compensate them and others similarly situated for overtime compensation. In summary, Plaintiffs contend that the School Board did not compensate them for time worked beyond the time estimated by the School Board to complete their transportation routes.

The School Board is a political subdivision of the State of Florida subject to the Florida Public Employees Relations Act, Chapter 447, Part II, Florida Statutes (the "Act"). In accordance with the Act, the School Board and the bargaining agent for its employees, the Sarasota Classified/Teacher's Association (the "SC/TA"), negotiated a collective bargaining agreement (the "CBA"). Plaintiffs, as current and/or former classified employees of the School Board, are subject to the CBA. Some of the CBA's provisions are relevant to the issue of Plaintiffs' compensation. Specifically, the CBA states that classified employees shall be paid overtime for hours in excess of forty in a workweek. It also provides that employees shall be paid in accordance with the FLSA.

With respect to bus drivers, the CBA sets forth particularized terms and conditions of their employment, including the manner in which they are compensated. The School Board's Transportation Department develops individual routes that typically include multiple "runs" to different schools in the morning and the afternoon. The estimated time of each of these routes is then calculated using mapping software to determine the actual projected driving time. Included within the projected driving time is a certain amount of time drivers lay over between schools, until the next stop or pick-up. The projected driving time is then rounded to the next highest one-half hour. After this "rounding up" is accomplished, an additional

30 minutes is added to the route time. This process, known as "roundup plus 30" is intended to compensate bus drivers for the actual time they worked, including the additional time they spent accomplishing non-driving tasks, like fueling the bus, sweeping the bus, and dealing with discipline referrals.

Plaintiffs allege that the School Board's "roundup plus 30" policy did not fully compensate them for hours worked in excess of forty in a workweek. Plaintiffs' motion requests that the Court conditionally certify an FLSA collective action of the School Board's current and former school bus drivers who worked one or more weeks during the three years from the filing of the complaint to the present and were not paid overtime compensation for any hours worked in excess of forty hours during a workweek.

Plaintiffs' motion is supported by Declarations of eight of the named Plaintiffs in this action. The Declarations similarly state that Plaintiffs were employed by the School Board as bus drivers, regularly worked over forty hours in a workweek, and the School Board failed to compensate them for the additional hours worked, including overtime pay. The Declarations also similarly aver that, based on their personal observations and discussions with other bus drivers, the School Board fails to compensate other school bus drivers for all of the hours they worked, including overtime hours. Plaintiffs' motion attaches a notice of consent to join from an additional School Board bus driver, Patricia Bucholtz.

The School Board opposes Plaintiffs' motion. The Court now turns to the relevant law.

# **DISCUSSION**

Pursuant to the FLSA,

> [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The Eleventh Circuit recommends a two-tiered procedure for district courts to determine whether to certify a collective action under §216(b). *See Cameron-Grant v. Maxim Healthcare Sys.*, 347 F.3d 1240, 1242 (11th Cir. 2003) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Id.* at 1243. The Court must determine whether other employees desire to opt-in and whether those employees are similarly situated. *See Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). At this stage, the standard is fairly lenient and typically results in conditional certification of the representative class. *See Hipp*, 252 F.3d at 1218.

The onus is on the plaintiff to demonstrate a reasonable basis for the assertion that other employees desire to opt-in. *See Haynes v. Singer Co., Inc.*, 696 F. 2d 884, 887 (11th

Cir. 1983). Here, Plaintiffs have met the light burden to establish a reasonable basis that other employees desire to opt-in this action because there are at least eight interested Plaintiffs and one additional person has opted-in to this lawsuit. *See Pittman v. Comfort Systems USA (Southeast), Inc.,* No. 8:12-cv-2142-T-30TGW, 2013 WL 525006, at *2 (M.D. Fla. Feb.13, 2013) (Moody, J.) (noting that five opt-ins were sufficient to establish that other employees desired to opt-in the collective action); *see also Brooks v. A. Rainaldi Plumbing, Inc.*, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, *2 (M.D. Fla. Dec. 8, 2006) (noting that even one opt-in notice can be sufficient to meet the first requirement for conditional certification). Moreover, Plaintiffs' Declarations reference, albeit, generally, that they anticipate that other bus drivers will join this lawsuit if they are provided with notice of it and an opportunity to join.

At this early juncture, Plaintiffs also establish the similarly-situated element. The evidence reflects that the School Board's "roundup plus 30" policy applies to all bus drivers. The bus drivers also have the same job requirements, perform similar duties, and are subject to the CBA's terms and conditions. The School Board's arguments against conditional certification are premature at the notice stage.[2] *See Vondriska v. Premier Mortg. Funding, Inc.,* 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007) ("Variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at the notice stage."); *see also Morgan v. Family Dollar Stores,*

---

[2] For example, the School Board argues that Plaintiffs' route times varied and that any "off the clock" time is highly irregular and inherently individualized.

*Inc.*, 551 F.3d 1233, 1261-62 (11th Cir. 2008) (courts should consider at the second stage "the various defenses available to defendant[s] [that] appear to be individual to each plaintiff."). Accordingly, the Court concludes that certification is appropriate for notice purposes.[3]

The School Board objects to certain aspects of Plaintiffs' proposed notice. The Court sustains some of these objections. Specifically, the Court agrees that the notice should contain information that potential plaintiffs may be responsible for the School Board's costs if the School Board prevails. *See Gonzalez v. TZ Ins. Sols., LLC*, No. 8:13-CV-2098-T-33EAJ, 2014 WL 1248154, at *5 (M.D. Fla. Mar. 26, 2014). The Court also agrees that the School Board's counsel's information should be included. *See id.* Finally, the notice should reflect a three-year period from the date that the notice is sent, not from the date that the complaint was filed. *See Abdul-Rasheed v. KableLink Comm., LLC*, No. 8:13-cv-879-T-24, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013). The parties shall attempt to resolve any remaining objections as set forth below.

It is therefore **ORDERED AND ADJUDGED** that:

---

[3] It is important to note that it does not appear that Plaintiffs are challenging the accuracy of the estimated route times with respect to driving time; rather, it seems that Plaintiffs contend that the "roundup plus 30" policy did not compensate them fully for non-driving time, like pre/post-trip inspections, fueling the bus, sweeping the bus, etc. If discovery reveals that an individualized inquiry into each plaintiff's specific route *and* each plaintiff's non-driving time is necessary, the Court may have to consider whether decertification of the collective action is necessary based on the "disparate factual and employment settings of the individual plaintiffs." *See Anderson v. Cagle's, Inc.*, 488 F.3d 954, 953 (11th Cir. 2007).

1. Plaintiffs' Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights (Dkt. 7) is granted to the extent stated herein.

2. The Court conditionally certifies a class of all current and former school bus drivers employed by Sarasota County School Board during the period of time from three (3) years prior to the date that the notice is sent who were not paid overtime for any hours worked over forty (40) hours in a workweek.

3. The parties shall confer with respect to any remaining objections to certain provisions of the notice (to the extent not already addressed by the Court) and file a joint proposed notice within fourteen (14) days of this Order. If the parties are unable to agree on the details of the notice, they shall individually file a proposed notice for the Court's review during that same period of time.

**DONE** and **ORDERED** in Tampa, Florida on February 6, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record